IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.s 5:14-CT-3147-FL;
5:14-CT-3273-FL

| RONALD MCCLARY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| JOSEPH LIGHTSEY, MITCHELL LAWSON, NURSE HENDERSON, and NURSE SIERRA, | ) |  |
| Defendants. | ) |  |

This matter comes now before the court on plaintiff's motions to compel discovery (DE 32, 40), motion for summary judgment (DE 33), motion to continue discovery (DE 51), motions for leave (DE 72, 88), motions for leave to file new evidence (DE 94, 97), motion for perjury charges (DE 106), and motion for sanctions (DE 112). Also before the court are defendants' respective motions for summary judgment (DE 42, 55, 66). Finally, the matter is before the court on defendants' motion for a protective order (DE 49) and motions to strike (DE 109, 111). In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

Plaintiff, a state inmate, brings this consolidated civil rights action *pro se* pursuant to 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his serious medical

needs.[1]  On November 24, 2014, plaintiff filed a motion to compel discovery.  See McClary v. Lightsey, No. 5:14-CT-3039-FL (E.D.N.C. Nov. 24, 2014).  At that point, defendants had not yet been served with a copy of the summons and complaint, and the court denied plaintiff's motion to compel as premature.  See Id. (Dec. 16, 2014).  Plaintiff again filed a motion to compel discovery on January 9, 2015, which also was denied without prejudice as premature.  Id. (Feb. 13, 2015). Plaintiff subsequently filed additional motions to compel discovery on April 16, 2015, and April 24, 2015.  Id. (Apr. 16 and 24, 2015).  In response, defendant Joseph Lightsey ("Lightsey") filed a motion for a protective order.  Id. (Apr. 27, 2015).  The court granted defendant Lightsey's motion for a protective order finding it prudent to resolve the then pending dispositive motions asserting that plaintiff failed to exhaust his administrative remedies prior to discovery.  Id. (May 28, 2015).  The court also denied without prejudice plaintiff's motions to compel discovery.  (Id.).

On September 2, 2015, defendant Nurse Sierra ("Sierra") filed a motion for a protective order and to stay discovery.  (Id. Sept. 2, 2015).  On February 8, 2016, the court granted defendant Sierra's motions, and stayed discovery pending its ruling on defendant Sierra's then pending motion to dismiss.  The court further stated that after decision on defendant Sierra's motion to dismiss, should the case remain, the court would lift the stay, and establish new case deadlines, including for the conduct of discovery and the making of dispositive motions.  Id. (Feb. 8, 2016).  In the same order, the court adjudicated the pending motion to dismiss and lifted the stay of discovery.  (Id.)  The court subsequently entered a Case Management Order setting a discovery deadline of July 11, 2016. See McClary v. Lawson, No. 5:14-CT-3147-FL (E.D.N.C. Mar. 3, 2016).

---

[1] The court sets forth a brief recitation of the background pertaining to the pending motions.  A more detailed recitation of the procedural history for this action may be found at (DE 140).

On July 13, 2016, plaintiff filed a motion to compel discovery, contending that defendants had not responded to any of his discovery requests. Id. (July 13, 2016). The motion was fully briefed. Plaintiff then filed a pleading captioned "Motion for Summary Judgment," in which plaintiff requested that the court order sanctions against defendants due to their alleged failure to respond to plaintiff's discovery requests. Id. (July 15, 2016). Plaintiff filed an additional motion to compel discovery on July 29, 2016. Id. (July 29, 2016). The motion was fully briefed.

On August 1, 2016, defendants Nurse Henderson ("Henderson") and Nurse Mitchell Lawson ("Lawson") filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 arguing that plaintiff is unable to establish a constitutional violation. (Id.) The next day defendants Henderson and Lawson filed a motion for a protective order, and plaintiff filed both a motion to continue the discovery period and a response to the motion for summary judgment filed by Henderson and Mitchell. Id. (Aug. 1, 2016). Plaintiff filed a second response to defendants Henderson and Mitchell's motion for summary judgment on August 8, 2016. Id. (Aug. 8, 2016).

On August 8, 2016, defendant Dr. Joseph Lightsey ("Lightsey") filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that plaintiff is unable to establish a constitutional violation. Id. Plaintiff then filed a response and an amended response in opposition to defendants Henderson and Mitchell's motion for summary judgment. Id. (Aug. 11, 2016). On the same date, defendant Nurse Sierra ("Sierra") filed a motion for summary judgment arguing that plaintiff is unable to establish a constitutional violation. Id. The next day, plaintiff filed both a response to defendant Lightsey's motion for summary judgment and a pleading captioned "Motion for Leave." Id. (Aug. 12, 2016). On August 15, 2016, plaintiff filed an addendum and an amended response in opposition to defendant Lightsey's motion for summary judgment. Id. (Aug. 15, 2016).

3

Plaintiff filed another amended responses in opposition to defendant Lightsey's motion for summary judgment on both August 17, 2016, and August 18, 2016. Id. (Aug. 17, 18 2016). The next day, defendants Henderson and Lawson filed a reply to their motion for summary judgment. Id. (Aug. 19, 2016).

On August 19, 2016, plaintiff filed a response and an amended response in opposition to defendant Sierra's motion for summary judgment. Id. Plaintiff also filed an amended response in opposition to defendant Lightsey's motion for summary judgment. Id. On August 23, 2016, plaintiff filed a motion for leave and a response in opposition to each of the defendants' motions for summary judgment. Id. (Aug. 23, 2016). On the same date, defendant Lightsey filed a reply. Id. On August 25, 2016, plaintiff a motion for leave to file new evidence and a response to each defendants' motion for summary judgment. Id. (Aug. 25, 2016).

On August 29, 2016, plaintiff filed a pleading captioned "Plaintiff Response to Lawson and Henderson Motion for Summary Judgment," a motion for leave to file new evidence, and a "Reply to Lightsey's Motion for Summary Judgment." Id. (Aug. 29, 2016). Two days later, plaintiff filed a pleading captioned "Plaintiff reply to Lightsey Motion for Summary Judgment." Id. (Aug. 31, 2016). Plaintiff also filed a pleading captioned "Subornation of Perjury." Id. On September 2, 2016, plaintiff filed a response to defendant Sierra's motion for summary judgment. Id. (Sept. 2, 2016).

On September 7, 2016, defendants Henderson and Lawson filed a motion to strike certain documents filed by plaintiff. Id. (Sept. 7, 2016). Defendant Lightsey then also filed a motion to strike certain documents. Id. (Sept. 12, 2016). The motions were fully briefed. On September 19, 2016, plaintiff filed a motion for sanctions. Id. (Sept. 19, 2016). The motion was fully briefed.

4

**DISCUSSION**

A.      Discovery-Related Motions

Plaintiff filed two motions to compel discovery, two motions for sanctions, and a motion to continue the discovery period. Defendants Henderson and Lawson filed a motion for a protective order. In his motions to compel, plaintiff makes repeated assertions that defendants did not respond to his discovery requests. However, plaintiff later acknowledged that he did not serve defendants with any discovery requests after the court lifted the stay of discovery on February 8, 2016, because he thought the court's order lifting the stay of discovery "meant the Attorney General had to comply with previously filed motion for documents. . . ." ((DE 52), p. 2). In light of plaintiff's mistaken belief, the court GRANTS plaintiff's motion to reopen the discovery period to allow plaintiff the opportunity to make his discovery requests. Plaintiff must make his discovery requests directly to defendants within **14 days** of this court's order. Defendants must respond to plaintiff's discovery requests within **21 days** thereafter. Plaintiff may file any supplemental response to defendants' pending motions for summary judgment by January 2, 2017, and defendants thereafter have **7 days** to file any reply. Based upon the foregoing, plaintiff's motions to compel discovery are DENIED without prejudice. The parties are encouraged to resolve any discovery disputes among themselves.

To the extent plaintiff requests that discovery-related sanctions be imposed upon defendants, plaintiff's motions are DENIED in light of plaintiff's admitted failure to make his discovery requests to defendants within the court's original discovery deadline. Additionally, because the court re-opened the discovery period, defendants' motion for a protective order also is DENIED.

5

B.  Plaintiff's Motions for Leave

Plaintiff filed two motions captioned "Motion to Leave" (DE 72, 88) and two motions for leave to file new evidence (DE 94, 97). The court begins with plaintiff's second "Motion to Leave," in which he requests a ruling on his motions to compel discovery. (See (DE 88)). Because the court has ruled on plaintiff's motions to compel, plaintiff's second "Motion to Leave" is DENIED.

The court now turns to plaintiff's remaining "Motion to Leave," and motions seeking leave of court to file evidence in support of his claims. Plaintiff's pleadings are not a model of clarity. Plaintiff appears to request permission to submit additional evidence in support of his claims. The appropriate time for plaintiff to submit evidence in support of his action is in support or defense of a properly filed motion for summary judgment. Accordingly, plaintiff's remaining motions are DENIED. The court only will consider evidence pertinent to the resolution of this action in a properly filed motion for summary judgment or properly filed responsive pleading.

C.  Motion to Initiate Perjury Charges

Plaintiff requests that the court "file a referral to the prosecutor perjury charges for officer Aldo Larena and Mitchell Lawson." ((DE 106), p. 1). A citizen does not have a constitutional right to initiate criminal prosecutions. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also, Walker v. Webster, No. 3:06CV454–01–MU, 2006 WL 3511335, at *3 (W.D.N.C. Dec. 5, 2006) ("In our court system, [] no citizen has an enforceable right to institute criminal prosecutions."). Thus, plaintiff's motion is DENIED. To the extent plaintiff disputes any of defendants' factual assertions, he may offer any contrary evidence in his supplemental response to defendants' respective motions for summary judgment.

6

Case 5:14-ct-03147-FL   Document 121   Filed 11/03/16   Page 6 of 10

D.  Motions to Strike Documents

Defendants Lightsey, Lawson, and Henderson seek to strike several of plaintiff's filings. Specifically, defendants Lawson, Henderson, and Lightsey together seek to strike plaintiff's pleadings captioned "Subornation of Perjury" (DE 101) and "Perjury Charges False Swearing Aldo Larena, Mitchell Lawson" (DE 106). Defendants Lawson and Henderson additionally seek to strike plaintiff's pleading captioned "Plaintiff Respond to Lawson and Henderson Motion for Summary Judgment" (DE 98). Finally, defendant Lightsey seeks to strike plaintiff's pleading captioned "Plaintiff reply to Lightsey Motion for Summary Judgment" (DE 100), as well as several of plaintiff's letters (DE 92, 97, 99, 102, 103, 105, and 110).

As discussed above, the court denied plaintiff's motion captioned "Perjury Charges False Swearing Aldo Larena, Mitchell Lawson." Accordingly defendants' motions to strike this pleading as well as plaintiff's related pleading captioned "Subornation of Perjury" are DENIED.

As for plaintiff's pleadings captioned "Plaintiff Respond to Lawson and Henderson Motion for Summary Judgment" and "Plaintiff reply to Lightsey Motion for Summary Judgment," the court construes each of these pleadings as sur-replies to defendants' respective motions for summary judgment. Neither the Federal Rules of Civil Procedure nor this court's local rules of procedure provides for the filing of sur-reply briefs. Ivanova–Nikolova v. East Carolina University, No. 4:08–CV–209–BR, 2011 WL 2462468, at *5 (E.D.N.C. June 17, 2011) (citing Local Civil Rule 7.1 (proper motion practice consists only of a motion and an accompanying supporting memorandum, a response, and a reply, and reply briefs are discouraged); Freeman v. City of Fayetteville, 971 F. Supp. 971, 973 n. 1 (E.D.N.C.1997) ("The Local Rules of this court do not allow for the submission of surreplies.")). Thus, courts generally allow a party to file a sur-reply "only when fairness dictates

7

based on new arguments raised in the previous reply." DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010); Estate of Richard Myers ex rel. Myers v. Wal–Mart Stores, Inc., No. 5:09–CV–549–FL, 2011 WL 1366459 at *1 n. 1 (E.D.N.C. Apr. 11, 2011).

Here, plaintiff neither asked for leave of court to file his sur-reply briefs, nor has he argued that a sur-reply brief was necessary under the circumstances of the case, and plaintiff failed to show that any defendant presented new material in its reply brief that it had not included in its original summary judgment motion. See Ivanova–Nikolova, 2011 WL 2462468, at *5 (striking pro se plaintiff's sur-reply brief). Accordingly, defendants' motions to strike "Plaintiff Respond to Lawson and Henderson Motion for Summary Judgment" (DE 98) and "Plaintiff reply to Lightsey Motion for Summary Judgment" (DE 100) are GRANTED, and these pleadings will not be considered by the court.

As for defendant Lightsey's request to strike plaintiff's letters, the court has reviewed the motion under the governing standard and declines to strike the filings. Fed. R. Civ. P. 12(f); see, e.g., Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Hill v. Robeson Cnty., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010) ("Motions to strike are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy.") (internal quotations omitted). Nonetheless, the court cautions plaintiff that from this point forward the clerk of court is DIRECTED to reject and return any filings not captioned as either a motion or supplemental response to defendants' respective motions for summary judgment. See Fed. R. Civ. P. 7. The court additionally cautions plaintiff that the court may impose sanctions, including monetary sanctions, if he continues to make excessive filings in this action. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995).

8

Finally, the court addresses plaintiff's repeated unfounded accusations of inappropriate conduct on behalf of defendants and allegations that plaintiff has called counsel inappropriate names. (See (DE 109), p. 2). The court cautions plaintiff to exercise better judgment in the language he chooses to use in his filings. Further, the court warns plaintiff's against launching personal attacks on defendants and their attorneys. Plaintiff is cautioned that continued inappropriate conduct will not be tolerated by the court.

## CONCLUSION

In summary, the court rules as follows:

(1) Plaintiff's motions to compel discovery (DE 32, 40) are DENIED without prejudice. Plaintiff must make his discovery requests directly to defendants within **14 days** of this court's order. Defendants must respond to plaintiff's discovery requests within **21 days** thereafter. Plaintiff may file any supplemental response to defendants' pending motions for summary judgment by January 2, 2017, and defendants thereafter have **7 days** to file any reply;

(2) Plaintiff's motion to continue the discovery period (DE 51) is GRANTED, and the discovery period is expanded to accommodate the above-stated abbreviated discovery period;

(3) Defendants' motion for a protective order (DE 49) is DENIED;

(4) Plaintiff's motion for sanctions (DE 33, 112) are DENIED, and all other requests for sanctions in connection with discovery are DENIED;

(5) Plaintiff's motions for leave and motions for leave to file new evidence (DE 72, 88, 94, 97) are DENIED;

(6) Plaintiff's motion for perjury charges (DE 106) is DENIED;

(7) Defendants' motions to strike (DE 109, 111) are GRANTED in part and DENIED in part. The court STRIKES plaintiff's pleadings captioned "Plaintiff Respond to Lawson and Henderson Motion for Summary Judgment" (DE 98) and "Plaintiff reply to Lightsey Motion for Summary Judgment" (DE 100). Plaintiff's motion is DENIED with respect to the remaining contested pleadings. The clerk of court is DIRECTED to reject and return any future filings which are not captioned as either a motion or a supplemental response to defendants' respective motions for summary judgment;

(8) Defendants' motions for summary judgment (DE 42, 55, 66) are HELD in ABEYANCE until after the time set forth for supplementation has expired.

SO ORDERED, this the 3rd day of November, 2016.

　　　　　　　　　　　　　　　　　LOUISE W. FLANAGAN
　　　　　　　　　　　　　　　　　United States District Judge

10